**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GERARD REMILLARD,

       Plaintiff,

v.

CASE NO. 05-71413
HON. LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE DONALD A. SCHEER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

**I.  Introduction**

This matter is currently before the Court on Magistrate Scheer's Report and Recommendation in which Magistrate Scheer recommended that Plaintiff's Motion for Summary Judgment should be DENIED, and that Defendant's Motion for Summary Judgment should be GRANTED.  Plaintiff filed an objection, to which Defendant responded.  The Court has thoroughly reviewed the transcript, the respective parties' motions and briefs in support, the Report and Recommendation, Plaintiff's objection, and Defendant's response.  For the reasons discussed below, the Court does not adopt Magistrate Scheer's Report and Recommendation.  Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's Motion for Summary Judgment is DENIED.

**II.  Background**

Plaintiff is a 49 year old male.  Plaintiff has a college education, and has worked as an automobile assembler, forklift drive, and computer technician.  Plaintiff received treatment for

carpal tunnel syndrome in his right hand in 1999, and the left hand in 2000. Plaintiff received work restrictions due to his carpal tunnel syndrome. In March 2001, Plaintiff's psychiatrist, Dr. Greene, diagnosed him with a major depressive disorder. Dr. Greene reported that Plaintiff was severely limited in his ability to respond appropriately to usual work situations. TR at 143.

The ALJ denied Plaintiff's request for Social Security disability benefits at his first administrative hearing in December 2001. The Appeals Council vacated the decision in October 2002, and remanded for further consideration of Plaintiff's mental impairments. A second hearing was held in May 2004, and benefits were again denied. The Appeals Council declined to review the decision. Plaintiff filed the instant action on April 12, 2005.

### III. Legal Standard

The Courts examines the ALJ's decision to determine if the correct legal standard was used, and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

### IV. Analysis

At the 2004 administrative hearing the ALJ found that Plaintiff was unable to perform his past relevant work. TR at 21. Thus, the question was whether Plaintiff possessed the residual

functional capacity to perform other substantial gainful activity. The Commissioner of Social Security bears the burden of proving Plaintiff is able to perform other substantial gainful activity. *Bell v. Barnhart*, 148 Fed. Appx. 277, 283 (6th Cir. 2005).

At the hearing, the ALJ posed a hypothetical to the vocation expert ("VE") with the following restrictions:

> Sedentary work with limitations of a 5 pound pinch grip, no fine finger dexterity, an indoor work environment, a relatively pollutant free environment, no work around unprotected heights, no driving, no climbing, no work around hazardous machinery, limited reaching over the chest or shoulder level with the right upper extremity, only simple and routine tasks, and only limited contact with the public, co-workers and supervisors.

TR at 20. The VE testified that there are 6,100 jobs in southeastern Michigan consistent with those restrictions. However, the VE also stated that based on Plaintiff's testimony, he could not perform any work. TR at 257. Below are excerpts from Plaintiff's testimony at the hearing.

> A. All I know is that I, I'm sleep [sic] all the time. I sleep a lot. And I'm drowsy, dizzy, you know. That's –
>
> Q. Are you able to pay attention to a half hour TV show?
>
> A. No, I'm not. I, I can't – that's my, my main thing. I can't, can't focus or concentrate.

TR at 246.

> A. Well, I – honestly, I don't want to live. I've, I've, I've thought about killing myself bunches of times.
>
> * * *
>
> Q. What happens when you feel stress or you have a problem that needs to be worked out?
>
> A. I, I just ignore it. I just walk away, you know, I – sometimes I get into arguments with my kids and I, I just – you know, we, we just don't – I just can't get along with people, it seems like. And I just withdraw and I go to my room, I go to my bedroom,

> I stay I there [sic] most of the time. That's where I stay. I just [sic] rather not face, face life, face society.

TR at 248.

> Q. Any hobbies that you do anymore?
>
> A. No. I, I just lost, I just lost interest in anything. I just don't care about nothing.
>
> Q. Do you do any chores around the house?
>
> A. I, I try to, but I seem [sic] like I never, I never finish. And I'm supposed to help with, you know, straighten up the house when I can and do odds and ends things. But I just don't do them. I do what I can. I just, I never complete them.

TR at 249.

The ALJ found that Plaintiff had moderate limitations regarding social functioning and concentration, persistence, and pace. TR at 18-19. The ALJ further held that although Dr. Greene stated that Plaintiff had marked limitations in these areas, that finding was not supported by objective medical evidence. However, the regulations state that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c)(2). Furthermore, as Plaintiff argues, Dr. Greene's report was based on clinical signs, findings, and symptoms. A treating physician's opinion must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quotations omitted).

The ALJ held that Dr. Greene's report contained internal contradictions. The ALJ noted that in one section of the report Dr. Greene indicated Plaintiff's difficulty with maintaining social functions and activities of daily living was moderately-severe, and his degree of deficiency of

concentration, persistence, or pace, was severe. In another section of the report Dr. Greene indicated Plaintiff has marked restriction of activities of daily living, difficulties in maintaining social functioning, and deficiencies of concentration, persistence, or pace.

The Court finds that Dr. Greene's report does not contain any significant contradictions. The moderately-severe rating in the report is defined as "[a]n impairment which seriously and significantly interferes with the ability to perform basic work activities independently, appropriately, and effectively." TR at 191. This rating is consistent with Dr. Greene's later assessment that Plaintiff has a marked restriction of activities of daily living, marked difficulties in maintaining social functions, and marked difficulties in maintaining concentration, persistence, or pace. TR at 196.

The Magistrate Judge found that Plaintiff's testimony supported the finding that he possessed sufficient concentration to perform the unskilled jobs identified by the VE. However, as Plaintiff points out in his objections, the Magistrate Judge has mischaracterized Plaintiff's testimony. The Magistrate Judge cited Plaintiff's testimony to show that he helps around the house, reads, watches televison, and hopes to complete a Ph.D in education. Regarding household chores, Plaintiff testified that:

> I, I, I help straighten up the house for my wife. But even, even when I do that stuff, I, I seem like I never complete it. You know, I start something and I never finish it and then you know, I'll go do some other things. . . . I can't complete a task anymore it seems like. . . I can't hold a thought anymore in my head.

TR at 227.

Plaintiff testified as follows regarding reading and watching television:

> But I, I still have problems with concentrating. When I, I read stuff, I, I have to like re-read it and  stuff. You know, I just – I just lost, I lost interest in everything it seems like.

> \* \* \*
>
> I, I watch it some, but I – whenever I watch it, I, I never you know. Like I'll watch a [show] or something, but I never – I just lose interest in it. And I just get up and you know. Just lose interest in it.

TR at 224-25.

Finally, Plaintiff testified as follows regarding his Ph.D:

> Q. And how long ago did you last work on your Ph.D?
>
> A. It's probably been about a year.
>
> Q. And why did you stop?
>
> A. I just lost interest. I just, just didn't care no more. I, I – since I got hurt, I just, I just – you know, I just didn't want to – just didn't matter to me no more. I didn't care about it.
>
> \* \* \*
>
> Q. And you're hoping to work out of this –
>
> A. Yes. I'm – that – I hope I can you know, just get back into it and get the interest again, you know. And I've talked to Dr. Greene about it. And so, just right now, I just, I just don't care. You know, I'm upset over that, with all this time and, and effort and money into it. It's like it just doesn't matter. I just don't care no more.

TR 220, 227-28.

The Court finds Plaintiff's testimony does not establish that he possesses the concentration necessary to perform the unskilled jobs identified by the VE. Furthermore, the VE stated that if Plaintiff's testimony was credited, he would not be able to perform any type of work. TR at 257.

The Sixth Circuit has held that "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176

(6th Cir. 1994).  In the instant case, Dr. Greene's report stated that Plaintiff had a severe deficiency of concentration, persistence, or pace, and a moderately-severe limitation on his ability to respond appropriately to usual work situations.  In addition, Dr. Greene gave Plaintiff a GAF score of 50.  According to the VE, GAF scores of 41 to 50 were in the range of being unable to perform any work.  TR at 261.  No evidence was presented at the hearing that contradicted Dr. Greene's report.  Thus, the Court holds that the record adequately establishes Plaintiff's right to benefits.

## V.  Conclusion

For the above reasons, the Court finds that there is insufficient evidence on the record to support the ALJ's finding.  Therefore, Defendant's Motion for Summary Judgment is DENIED, and Plaintiff's Motion for Summary Judgment is GRANTED.  Plaintiff's case is REMANDED for an award of benefits.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record

by electronic or U.S. mail on January 25, 2006.

                                                   s/Marie E. Verlinde
                                                   Case Manager
                                                   (810) 984-3290